<u>ORAL ARGUMENT NOT YET SCHEDULED</u>

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NATIONAL FOAM, INC., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 22-1208 |
| | ) | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**<u>STATUS REPORT</u>**

Pursuant to this Court's May 11, 2023 Order (Doc. 1998744) granting the parties' abeyance request, Respondent United States Environmental Protection Agency ("EPA"), submits this status report and states as follows:

1.      On June 6, 2022, EPA issued a "TSCA section 4(a)(1) Test Order on 6:2 Fluorotelomer sulfonamide betaine (CASRN 34455-29-3)" ("Test Order"), which Petitioner National Foam, Inc. was a recipient and that is the subject of this petition for review ("Petition"). *See generally* EPA Docket Identification Number EPA-HQ-OPPT-2021-0897, available at https://www.regulations.gov/docket/EPA-HQ-OPPT-2021-0897 (last visited September 7, 2023) ("Test Order").

2.      On August 15, 2022, National Foam filed its Petition challenging the Test Order. *See* Doc. 1959526.

3.      Thereafter, the parties engaged in mediation discussions through the D.C. Circuit Mediation Program.

4.      On February 24, 2023, EPA filed a "Notice" to the Court advising that "EPA intends to take certain administrative action" regarding the Test Order.  Doc. 1987415. EPA provided a separate notice to the Test Order recipients stating that EPA had eliminated particular testing requirements under the Test Order because a Test Order recipient submitted existing testing information to EPA that "satisfies one of the data needs for which the Test Order required testing." *See id.* Other testing requirements in the Test Order are unaffected by the notice sent to the Test Order recipients.

5.      On May 8, 2023, EPA granted National Foam's exemption request, subject to the conditions detailed in the Test Order. *See* Doc. 1998395.[1]

6.      Thereafter, the parties filed a Joint Motion to Hold Case in Abeyance. Doc. 1998395. On May 11, 2023, the Court entered an order granting the parties'

---

[1] A Test Order recipient may attempt to satisfy its obligations, in part or in full, by requesting an exemption from a testing requirement and a recipient who "receive[s] exemptions from testing ha[s] an obligation to reimburse the person(s) who perform the required testing." *See* Test Order at 17.

joint motion, holding the case in abeyance, and ordering EPA to file a status report at "120-day intervals beginning September 7, 2023." Doc. 1998744.

7.      EPA filed a status report on September 7, 2023, noting that "Test Order testing is ongoing" and there has been no "potential or actual extinguishment of any testing obligations" since EPA's February 24, 2023 Notice.  *See* Doc. 2015627 at 3.

8.      As of this filing, the Test Order testing is ongoing and there have been no updates or changes to the Test Order's testing obligations since EPA's September 7, 2023 Status Report.  Nor have there been any potential or actual extinguishment of any testing obligations during this same period.

9.      EPA will provide another status report on or before May 3, 2024, as required by the Court's May 11, 2023 Order.

***

Respectfully submitted,

Dated: January 5, 2024

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

*/s/ Bryan J. Harrison*
Bryan J. Harrison
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20002
Tel: (202) 307-0930
Fax: (202) 514-8865
Email: bryan.harrison@usdoj.gov

*Counsel for Respondent*
*Environmental Protection Agency*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served today by electronic

means through the Court's CM/ECF system on all registered counsel.

Dated: January 5, 2024                          */s/ Bryan J. Harrison*
                                                 Bryan J. Harrison